[No. 21026. Department One. February 15, 1928.]

C. R. KELLOGG et al., Respondents, v. GEORGE NELSON
et al., Appellants.[1]

[1] APPEAL (389)—REVIEW—AMENDMENTS. In an action upon a city
contractor's bond, the complaint will, on appeal, be deemed
amended to conform to proof, received without objection, that
the work was accepted by them more than thirty days before
the commencement of the action.

[2] OFFICERS (51)—RIGHTS AND DUTIES—PRESUMPTION AS TO DIS-
CHARGE OF DUTIES. It will be presumed that a city officer, in
filing with the city clerk an acceptance of work done on a city
contract, was acting in the performance of his duty and au-
thorized to accept the work.

[3] MUNICIPAL CORPORATIONS (159-1)—CONTRACTORS' BONDS—ACTIONS
—ATTORNEYS' FEES. Under Rem. Comp. Stat., § 1161, authorizing
an attorney's fee in actions on the bond of a contractor on
public work, judgment therefor is properly given against both
the principal and the surety on the bond.

[4] SAME (159-1). The fact that a verdict in an action on the bond
of a contractor on public work is substantially less than the
amount claimed, does not warrant the supreme court in reducing
an attorney's fee allowed by the court in the sum of $240,
where there is nothing to indicate error therein.

Appeal from a judgment of the superior court for
King county, Remann, J., entered January 29, 1927,
upon the verdict of a jury in favor of the plaintiffs, in
an action upon the bond of a contractor upon public
work. Affirmed.

*Bronson, Robinson & Jones,* for appellants.
*Williamson, Freeman & Broenkow,* for respondents.

TOLMAN, J.—Appellant Nelson, in February, 1925,
entered into a contract with the city of Tacoma to do
certain construction work. He gave a bond as required
by statute, with his co-appellant, Maryland Casualty

[1]Reported in 264 Pac. 15.

Company, as surety thereon. Later, respondents became sub-contractors under Nelson, apparently performed their work, and on October 15, 1925, filed with the city clerk of the city of Tacoma a notice of a claim against the bond in the amount of $919.81. Thereafter, respondents began this action against the contractor Nelson and against the surety to recover on the claim so filed. The cause was tried to a jury, which rendered a verdict against both defendants in the sum of $605.55, and a judgment was entered on the verdict for the amount thereof, plus $250 attorney's fee and costs, against both defendants. The defendants have appealed, and assign as error the denial of a motion of the surety for a judgment notwithstanding the verdict and the awarding of attorney's fees against appellant Nelson.

The errors assigned are of such limited scope as to require but little further statement. The complaint alleges that the notice of the claim was filed before the expiration of thirty days after the cessation of respondent's work and prior to the time that the work was accepted by the city, but does not allege, in terms, that the city ever accepted the work.

[1, 2] It is admitted that in *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158, and in the cases which follow it, we held that the statute, Rem. Comp. Stat., § 1161 [P. C. § 9727], only fixes the time after which a notice may not be filed, and that a notice filed before the completion of the work is sufficient. But it is contended that we have never held, or intended to hold, that a claimant may maintain an action on a bond before the contract is completed.

It is further pointed out that there is here no allegation in the complaint, and it is claimed there is no competent proof, that the work under the contract was accepted by the city before this action was in-

stituted. Assuming, but not deciding, that an action on a bond is not maintainable before the completion of the contract, still we think there is no just cause for complaint here. True, there was no allegation in the complaint as to the acceptance of the work by the city, but we think there was *prima facie* proof, sufficient in the absence of any proof to the contrary, and that we are justified in holding that the complaint be considered as amended to conform to the proof, under our somewhat liberal rule. The statement of facts discloses that, without objection, there was introduced in evidence a copy of the claim filed with the city clerk, and a copy of a written acceptance of the work, both certified to be full, true and correct copies by the city clerk, who was the custodian of the originals. The acceptance reads:

"DEPARTMENT OF LIGHT & WATER
"Miss Genevieve Martin,        Tacoma, Wash.
   City Clerk,                        March 11, 1926.
      Tacoma, Wn.
"Dear Madam:—
   "Please be advised that Nelson and Pederson, contractors for the construction of the transmission line for the Cushman Power Project have completed their contract No. 26, dated February 26th, 1925, to the satisfaction of the engineer, and that the work is accepted as of this date and they will be entitled to final payment thirty days hence.
                        "Yours very truly,
                           Ira S. Davisson (sgd.)
                     "Commissioner of Light and Water."

Since every public officer is presumed to do his duty, there is here a presumption that the commissioner of light and water had authority to accept the work and to make his acceptance a matter of record by filing it in the office of the city clerk; and, in the absence of all proof upon the subject, that presumption will

suffice. Since the action was commenced more than thirty days after this acceptance of the work as so shown, and since the evidence is not questioned in any other respect, the motion for judgment n. o. v. was properly denied.

[3] On the question of attorney's fees, that part of the statute applicable is found in Rem. Comp. Stat., § 1161 [P. C. § 9727], and reads:

" . . . in any suit or action brought against such surety or sureties by any such person or corporation to recover for any items hereinbefore specified, the claimant shall be entitled to recover in addition to all other costs, attorney's fees in such sum as the court shall adjudge reasonable: Provided, however, that no attorney's fees shall be allowed in any suit or action brought or instituted before the expiration of thirty days following the date of filing of the notice hereinbefore mentioned: . . ."

The statute does not in terms refer to actions brought against the surety alone or limit the liability for attorney's fees to the surety alone. It seems to contemplate that with the surety shall be joined all other necessary or proper parties, and that the attorney's fee shall be a charge against all proper parties. No argument is required to demonstrate that if respondents had sued the surety alone, objection would have been made upon the ground that the principal is a necessary party, and they would have been required to bring him into the cause.

Nor can we see how the principal is injured by the judgment as entered. If the judgment did not charge him with this item, the surety alone would be obliged to pay it, and would thereafter be entitled to recover it back from the principal, so that, in the final analysis, the principal would have to pay the attorney's fee in any event, and he is, therefore, not aggrieved by this judgment.

[4] It is further urged that, as the amount of the verdict is substantially less than the amount claimed, the allowance is too large and amounts to a penalty for the making of a defense which was in part justified. The amount and value of an attorney's services are not always, if ever, to be measured by the amount of the recovery alone. And since this issue was submitted to the trial court and there is nothing in the record, other than what has been mentioned, to indicate error in its judgment in this respect, we see no reason to interfere.

The judgment is affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and FRENCH, JJ., concur.